IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAQUENTIN BANKS,

                Plaintiff,                      OPINION AND ORDER

    v.

                                                    18-cv-52-wmc

DAVID MAHONEY,

                Defendants.

*Pro se* plaintiff LaQuentin Banks is proceeding in this lawsuit against defendant David Mahoney, on a claim that the lead in the water at the Dane County Jail violated his constitutional rights. Defendant filed a motion for summary judgment on the ground that Banks failed to exhaust available administrative remedies with respect to his claim in compliance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons that follow briefly, the court will defer ruling on this motion until Banks submits a declaration that provides specific details about his efforts to exhaust his administrative remedies with respect to his lead contamination claim.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial

grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (prison staff need notice of a problem and an opportunity to address it). If a prisoner fails to exhaust his administrative remedies before filing a lawsuit, then the court *must* dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing plaintiff's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

During the relevant time period, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 607.07 lays out the proper way for inmates to file grievances and grounds by which grievances may be rejected by Jail Administration. Explicit in this procedure is an appeal process, which requires inmates who are dissatisfied with the response they received from a complaint to appeal the decision of the grievance within five business days of when they received the response. The appeal must be marked "Appeal" and use a standard grievance form.

Defendant submitted Banks' grievance history at the jail. (Ex. B (dkt. #18-2), at 1-4.) Those documents show that Banks filed two grievances: (1) No. 21547, filed May 11, 2016, complaining that he believed his bunk assignment to be racist; and (2) No. 26014, filed March 19, 2018, complaining about bugs, dirt and dust in his cell, and that he had

2

not had hot water in his cell for two months. Both of his grievances were denied, and Banks did not appeal either.

Banks does not dispute that he never appealed any of his grievance, but he argues, in a one-page opposition brief, that he filed over five grievance forms about the "lead and water conditions," and that each has a grievance number. Banks further argues that he joined four group grievances, he has had disputes with jail staff about receiving responses to his grievances in the past, and he believes that staff could have thrown them away or misplaced them.

If Banks can establish that jail staff mishandled his grievances about lead in the water, then he may be excused from the jail's exhaustion policy because the administrative remedies were not actually available to him with respect to that grievance. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 812 (7th Cir. 2006) (defendant could not succeed on exhaustion defense where plaintiff mailed his appeal but it was never received). Banks' assertion that he submitted grievances about lead in the water suggest that there may be a material factual dispute regarding the availability of the grievance process, which would require the court to hold an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). At present, however, Banks' assertions in his opposition brief are too imprecise to create a genuine issue of material fact, *see Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013), and while Banks wrote his name on his opposition brief, he did not sign it under penalty of perjury, and he has not otherwise submitted an affidavit or declaration supporting his statements.

The court is typically deferential to *pro se* plaintiffs in Banks' position, insofar as it accepts as evidence statements in briefs when the author of the brief actually signs it under penalty of perjury. While Banks did not do so in these circumstances, and the court will not assume that Banks intended his statements to have such import, the court has discretion to afford him the opportunity to properly support his assertions. *See* Fed. R. Civ. P. 56(e)(1); *see also Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014) ("[T]rial courts have considerable discretion in managing the course of litigation . . . and this is no less true in the contest of summary judgment motions."). Accordingly, the court will give Banks the opportunity to submit a declaration dated and signed under penalty of perjury, 28 U.S.C. § 1746. The declaration must address the following issues:

(1) The date(s) on which he first attempted to submit grievance(s) about lead in the water at the Dane County jail;
(2) The specific actions he took to file the grievance(s) on the above date or dates;
(3) The specific issues he raised in each grievance;
(4) To whom at the jail he gave his completed grievance form(s); and
(5) The response of jail staff, if any.

Banks should be aware in submitting his statement, he will be subject to adverse legal consequences, should it come to light that he has submitted a knowing misrepresentation to the court. Once he submits his declaration, the court will determine if a *Pavey* hearing is necessary or if the court is able to resolve defendant's motion on the papers.

ORDER

IT IS ORDERED that plaintiff LaQuentin Banks has until **October 4, 2018**, to submit a declaration in opposition to defendant's motion for summary judgment, as provided above.

Entered this 13th day of September, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge